<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
:
DEVIN CONNELLY,                        :
                                       : Civil Action No. 13-3966 (RMB)
            Petitioner,                :
                                       :
       v.                              : **<u>MEMORANDUM OPINION AND ORDER</u>**
                                       :
BUREAU OF PRISONS et al.,              :
                                       :
            Respondents.               :
_____:

   This matter comes before the Court upon <u>sua sponte</u> review of the documents submitted in this matter, and it is appearing that:

   On June 27, 2013, Petitioner submitted his § 2241 petition ("Petition") and the applicable filing fee.  <u>See</u> Docket Entry No. 1.  Upon Petitioner's designation of the proper Respondent in this matter, <u>see</u> Docket Entries Nos. 2 and 3, the Court directed Respondents to answer the Petition.  <u>See</u> Docket Entry No. 4.  Upon a closer review of Petitioner's challenges, however, it appears that no answer is required at this juncture.

   Here, Petitioner asserted that he had sought enrollment into the Residential Drug Abuse Treatment Program ("RDAP"), hoping to obtain the potential one-year sentence reduction incentive allowed to those inmates who successfully complete the RDAP.  <u>See</u> Docket Entry No. 1.  However, Petitioner's request for enrollment into the RDAP was denied because: (a) the RDAP was designed to assist inmates suffering from a drug and/or alcohol dependency,

and enrollment is unavailable to those inmates who do not have such dependency;[1] and (b) Petitioner's records located by the Bureau of Prisons, including Petitioner's pre-sentence investigation report, indicated that Petitioner had no alcohol or controlled substance abuse issues.  See Docket Entry No. 1, at 4 (showing that Petitioner's records indicated that he drank alcohol rarely and only on special occasions, that he denied any use of controlled substances, and that his four consecutive pre-trial supervision laboratory tests were negative as to the presence of any drug).

Nevertheless, Petitioner is now asserting that, notwithstanding the prison and pre-sentencing records, he has suffered of a certain, unspecified "documented drug and alcohol

---

[1]
In accordance with this statutory requirement, the Bureau of Prisons has published RDAP program rules in 28 C.F.R. § 550.50, et seq., and in BOP Program Statement 5330.11, entitled Psychology Treatment Programs.  Under these program rules, in order to assess if an inmate has a *verifiable documented drug abuse* problem, drug abuse program staff must first determine if the inmate has a substance abuse disorder by conducting the RDAP Eligibility Interview and by reviewing all pertinent documents in the inmate's central file to corroborate self-reported information. Additionally, there must be verification in the pre-sentence investigation report or other similar documents in the central file which supports the diagnosis.

Chuong Lam v. Hufford, 2012 U.S. Dist. LEXIS 30463, at *6-7 (M.D. Pa. Feb. 13, 2012) (citations omitted, emphasis supplied).

2

dependency" during the 12-month period prior to his incarceration and, thus, he contends he should be eligible for enrollment into the RDAP. Docket Entry No. 1, at 2. He asserts that he "is currently obtaining copies of [that] documentation of drug and alcohol dependency." Id.

In light of the foregoing, it is evident that Petitioner could not have presented any documentation supporting his drug/alcohol dependency claim to his prison officials when he sought enrollment into the RDAP, and the information in his prison file is, at this stage, factually uncontested. As such, the prison officials, having no documentation of a drug or alcohol dependency, could not have violated Petitioner's federal rights by denying him RDAP enrollment.

While this Court cannot rule out that, at a certain point in time, Petitioner might: (a) obtain the documentation verifying his drug and alcohol abuse during the relevant 12-month-prior-to-the-incarceration period; (b) present it to his prison officials in connection with his request for enrollment into the RDAP; and © having his request denied, develop a bona fide belief that such denial was a violation of his federal rights. However, at the instant juncture, Petitioner offered this Court no existing factual predicate to support such a hypothetical claim. See Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 636 (D.N.J. 2008) (dismissing challenges based on hypothetical future

3

developments as speculative and quoting, inter alia, 28 U.S.C. §2241(c)(3), with an observation that "the language of § 2241 is set forth in present rather than in future terms, i.e., it reads: 'The writ of habeas corpus shall not extend to a prisoner unless . . . he is [rather than will be] in custody in violation of the Constitution or the laws or treaties of the United States'").

Thus, Petitioner failed to articulate a viable challenge. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements"); see also 28 U.S.C. § 2254 Rule 2© (amended Dec. 1, 2004, applicable to § 2241 petitions through Habeas Rule 1(b) (a habeas petition must set forth actual "*facts* supporting each of the grounds" upon which the litigant seeks relief) (emphasis supplied).  In other words, at this juncture, the claim is unripe, and there is no need to direct Respondents to answer Petitioner's petition because Respondents' answer, if filed, would provide the Court with only a recital of the facts or legal arguments already advanced by the prison officials and replicated in the exhibits provided by Petitioner himself.  See Docket Entry No. 1.

IT IS, therefore, on this **10th** day of **October 2013**,

**ORDERED** that the Court's order directing Respondents' answer, Docket Entry No. 4, is withdrawn as premature at this juncture; and it is further

**ORDERED** that the Office of the United States Attorney for the District of New Jersey, acting in its capacity as counsel for Respondents, shall make appearance in this matter within ten business days from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that such appearance shall be made, at this juncture, for the notice purposes only, and no submission by Respondent is required unless the same is expressly directed by this Court; and it is further

**ORDERED** that the Petition, Docket Entry No. 1, is dismissed for failure to allege a factual predicate supporting Petitioner's claim that his federal rights were violated; and it is further

**ORDERED** that such dismissal is without prejudice to Petitioner stating his factual predicate, once it ripens, in accordance with the guidance provided herein and upon proper administrative exhaustion of Petitioner's challenges; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED," see Papotto v. Hartford Life & Accident Ins. Co., 2013 U.S. App. LEXIS 19660, at *26 (3d Cir. N.J. Sept. 26, 2013) ("administrative closings . . . are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is

likely to remain moribund") (citation, ellipses and internal quotation marks omitted); and it is further

**ORDERED** that, in the event Petitioner has already developed an appropriate factual predicate and completed his administrative exhaustion efforts based on said predicate,[2] and he is left dissatisfied with the outcome of his administrative exhaustion efforts, Petitioner may, if he so desires, file an amended pleading in this matter within thirty days from the date of entry of this Memorandum Opinion and Order detailing his factual predicate and the administrative exhaustion measures he undertook, as well as the basis for Petitioner's conclusion that his federal rights were violated; and it is further

---

[2] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the particular issue he disputes with institutional staff. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the warden signed the BP-8 response. See 28 C.F.R. § 542.15(a). The inmate may appeal to the National Inmate Appeal on a BP-11 form within 30 days of the day the Regional Director signed the BP-9 response. See id. Appeal to the National Inmate Appeal is the final administrative appeal. See id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

**ORDERED** that, in the event Petitioner is still in the process of seeking appropriate documentation to support his position and/or his administrative exhaustion efforts are still underway, Petitioner may raise his challenges, if he so desires, by means of a new and separate § 2241 application when his claims ripen; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and include in said mailing a blank § 2241 petition form and a blank application for the litigants seeking prosecute their habeas challenges <u>in forma pauperis</u>; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon the United States Attorney's Office for the District of New Jersey, Civil Division, Camden vicinage. Such service shall be executed by means of electronic delivery or hand delivery, or regular U.S. mail.

          s/Renée Marie Bumb
          **RENÉE MARIE BUMB,**
          **United States District Judge**